PER CURIAM.
The appellant challenges the summary denial of his postconviction motion, in which he asserts that his sentence is illegal. Specifically, the appellant asserts that he pled to a sentence of life imprisonment with the possibility of parole in 25 years; however, under the requisite sentencing statutes in place at the time of his offense, a conviction for a capital felony barred any possibility of parole. See § 775.082(1), Fla. Stat. (1995).
For the reasons set forth below we reverse and remand with directions to the trial court either to attach documentation conclusively refuting the appellant’s claim, or to grant the appellant the benefit of his negotiated plea agreement and resentence him to 40 years’ imprisonment for second-degree murder (count 1) and kidnaping (count 2).
On June 9, 1997, the appellant entered into a negotiated plea agreement in which *66 he pled guilty to first-degree murder and kidnaping in exchange for a sentence of life imprisonment with the possibility of parole in 25 years. However, at the time the plea was entered the prosecuting attorney and the trial court expressed concerns over whether or not the plea would be upheld in light of statutory changes requiring mandatory sentencing for capital crimes. Based on these concerns, the appellant’s plea agreement listed a second option. If the first sentence was not upheld, the appellant would be deemed to have pled to second-degree murder (count 1) and kidnaping (count 2) and a substitute sentence of 40 years’ imprisonment on each count to run concurrently would be imposed.
The appellant is correct in his assertion that he pled to an illegal sentence. His primary sentence is illegal because the sentence failed to comport with statutory requirements at the time of his plea. The appellant pled on June 9, 1997, to first-degree murder, a capital felony. § 782.04(l)(a), Fla. Stat. (Supp.1996). Therefore, the appellant’s minimum allowable sentence would have been life imprisonment without the possibility of parole. § 775.082(1), Fla. Stat. (1995).
In the instant ease, the appellant’s plea agreement expressly provided for an alternative should the sentence imposed be deemed illegal upon appellate review. Thus, the appellant is entitled to have his judgment and sentence amended to second-degree murder (count 1) and kidnap-ing (count 2) and a term of 40 years’ imprisonment should be imposed on each count, to run concurrently.
Accordingly, we reverse the summary denial and remand for the trial court either to attach documentation conclusively refuting the appellant’s claim, or to grant the appellant the benefit of his negotiated plea agreement and resentence the appellant to 40 years’ imprisonment for second-degree murder (count 1) and kidnaping (count 2).
REVERSED AND REMANDED.
ERVIN, PADOVANO and HAWKES, JJ., concur.